# Applicability of 18 U.S.C. § 205(a)(2) to Representation Before Non-Federal Agency

18 U.S.C. § 205(a)(2), which bars a Federal employee from acting as an agent or attorney before any "agency . . . in connection with any covered matter in which the United States is a party or has a direct and substantial interest," applies only to Federal agencies and does not apply to state agencies or agencies of the District of Columbia.

January 3, 2000

MEMORANDUM OPINION FOR THE DIRECTOR
DEPARTMENTAL ETHICS OFFICE
DEPARTMENT OF JUSTICE

You have asked whether a state agency or an agency of the District of Columbia comes within the term "agency" in 18 U.S.C. § 205(a)(2), which, among other things, bars a Federal employee from acting as an agent or attorney before any "agency . . . in connection with any covered matter in which the United States is a party or has a direct and substantial interest." 18 U.S.C. § 205(a)(2) (1994). We conclude that "agency" in that provision encompasses only Federal agencies and does not apply to state agencies or agencies of the District of Columbia.

I.

Section 205(a)(2) provides as follows:

> (a) Whoever, being an officer or employee of the United States in the executive, legislative, or judicial branch of the Government or in any agency of the United States, other than in the proper discharge of his official duties —
>
> . . . .
>
> (2) acts as agent or attorney for anyone before any department, agency, court, court-martial, officer, or civil, military, or naval commission in connection with any covered matter in which the United States is a party or has a direct and substantial interest;
>
> shall be subject to the penalties set forth in section 216 of this title.

18 U.S.C. § 205(a)(2). Congress enacted this provision in 1962 as part of Pub. L. No. 87–849, 76 Stat. 1119, 1122, a wholesale revision of the conflict-of-interest

13

laws. Section 205 was directed at conflicts of interest arising from the "oppor-
tunity for the use of official influence." *See* H.R. Rep. No. 87–748, at 21 (1961);
*see also* Bayless Manning, *Federal Conflict of Interest Law* 85 (1964) ("The
emphasis of Section 205 is upon action in a representative capacity, particularly
in a situation involving direct confrontation between the government employee
and other government employees.").

You have asked whether this provision prohibits a Federal government
employee from engaging in representation in connection with a covered matter
before a state agency or an agency of the District of Columbia, or whether the
prohibition only applies to representation before a Federal agency. In a prior
opinion, this Office concluded that the term "court" in the same provision covers
state as well as Federal courts. *See* Letter for Anthony L. Mondello, General
Counsel, United States Civil Service Commission, from William H. Rehnquist,
Assistant Attorney General, Office of Legal Counsel at 1 (1970) ("1970
Opinion") ("The principle that stands clear in 18 U.S.C. 205 is that any federal
or D.C. employee is precluded from acting as an attorney to prosecute a claim
against the United States or to represent anyone in any court whatever, federal,
state or otherwise, if the United States is a party to the proceeding or if a direct
and substantial interest of the United States is involved in the proceeding.").[1]
The question before us is whether to give a similar interpretation to the term
"agency" in the provision.

## II.

### A.

"[W]e begin as we do in any exercise of statutory construction with the text
of the provision in question, and move on, as need be, to the structure and purpose
of the Act in which it occurs." *New York State Conf. of Blue Cross & Blue
Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995). Because § 205 itself
does not define "agency" or offer clear guidance as to its meaning, we turn to
the statutory scheme in which it is found.

"Agency" is defined in 18 U.S.C. § 6 as follows:

> As used in this title: . . . .
>
> The term "agency" includes any department, independent
> establishment, commission, administration, authority, board or

---

[1] The specific question raised in the 1970 Opinion was whether District of Columbia and Federal government
attorneys could appear on a volunteer basis in District of Columbia courts to represent indigent persons asserting
claims against the District of Columbia. Based on the language and legislative history of the provision, Assistant
Attorney General Rehnquist concluded that such representation is barred by § 205 because that provision's reference
to matters "in which the United States is a party or has a direct and substantial interest" includes claims in which
the District of Columbia is a party or has a direct and substantial interest. *See* 1970 Opinion at 2.

bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense.

18 U.S.C. § 6 (1994). By its terms, this definition applies to the word "agency" in 18 U.S.C. § 205(a), thereby limiting § 205(a) to Federal agencies. Section 6 applies to the use of the term throughout title 18 unless the context indicates a more limited definition; it does not, in any event, permit a broader application to agencies outside the Federal government. Although § 205 is part of an amendment to title 18, added after the definition of "agency" in § 6, *see* ch. 645, 62 Stat. 683, 685 (1948) (definition of "agency"); Pub. L. No. 87–849, 76 Stat. at 1122 (adding § 205), the general rule of statutory construction is that a provision is to be read in its context and an amendment and the original provisions are to be read together " 'as parts of an integrated whole.' " *Republic Steel Corp. v. Costle*, 581 F.2d 1228, 1232 (6th Cir. 1978) (quoting *Markham v. Cabell*, 326 U.S. 404, 411 (1945)), *cert. denied*, 440 U.S. 909 (1979); *see also* 1A Norman J. Singer, *Sutherland on Statutory Construction* § 22.35 (5th ed. 1991) ("Singer") ("The act or code as amended should be construed as to future events as if it had been originally enacted in that form. Provisions in the unamended sections applicable to the original section are applicable to the section as amended in so far as they are consistent . . . . [and] [w]ords used in the unamended sections are considered to be used in the same sense in the amendment.") (footnotes omitted).

This conclusion comports with the practice of this Office, which has often relied on § 6 as defining "agency" for purposes of the conflict-of-interest provisions. *See, e.g., Applicability of 18 U.S.C. § 207(a) to the Union Station Development Corporation*, 12 Op. O.L.C. 84, 84 (1988) ("In the past, we have looked to the definition of 'agency of the United States' in 18 U.S.C. § 6 to determine if an entity should be regarded as the United States for the purposes of the conflict of interest laws."); *Applicability of 18 U.S.C. § 205 to Union Organizing Activities of Department of Justice Employee*, 5 Op. O.L.C. 194, 195 (1981) (noting that in § 6 "the term 'agency' is defined for purposes of Title 18 generally"); *see also Government Attorneys' Participation as Plaintiffs in a Suit Against the Office of Personnel Management*, 5 Op. O.L.C. 74, 75 (1981) ("Generally, [the second clause of § 205] is interpreted to prohibit representational activity such as appearances in court, signing pleadings or letters, and direct contact with a *federal agency* on behalf of [a client].") (emphasis added).[2]

---

[2] Our conclusion also comports with relevant determinations of the Office of Government Ethics ("OGE") *See, e.g., Letter to an Employee*, 90 X 6, 1990 WL 485684 (OGE) (Apr 4, 1990) (§ 205 prohibits Federal employee from representation before Federal agency but not before state or local agency); *see also Memorandum from Stephen D Potts, Director, to Designated Agency Ethics Officials, General Counsels, and Inspectors General Regarding Amendments to 18 U S.C § 205 and 18 U.S.C § 207*, 96 X 16, 1996 WL 931725 (OGE) (Aug 21, 1996) ("Section 205 of title 18, United States Code, prohibits an executive branch employee from acting as agent or attorney

Continued

We might well come to a different conclusion if there were specific language in § 205(a) manifesting an intent to give the term broader scope than the plain meaning of the statutory definition of "agency" in § 6.[3] Section 205(a), however, contains no explicit language broadening the definition of agency.

It also might be argued that the presence of the modifier "of the United States" where the term "agency" appears in the prefatory language in § 205(a) (referring to the covered officers and employees of Federal agencies) and the absence of that modifier in § 205(a)(2)'s reference to "any department, agency, court" (referring to the prohibited venues of representation) makes § 205(a)(2) applicable to actions before state agencies. Given that Congress included an express limitation to Federal agencies in the introductory portion of the statutory subsection, one might infer that the absence of any such express limitation in § 205(a)(2) suggests that § 205(a)(2) refers to a broader class of entities than does § 205(a), perhaps including state and local agencies. To conclude otherwise would arguably render the words "of the United States" surplusage. *See International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 80 (1991) (referring to general statutory principle that "each word in a statute should be given effect"); *see also* 2A Singer at § 46.06.

We do not believe, however, that such an inference is warranted. Although the legislative history offers little guidance as to the intent of the drafters on the scope of this term, it contains nothing indicating that inclusion of "of the United States" in paragraph (a) and the exclusion of that modifier in paragraph (a)(2) reflects an advertent choice to delineate different groups of entities. A number of the prior versions of the bill did include definitions of "agency" applicable to § 205. Some of these expressly limited "agency" to executive branch agencies, *see Federal Conflict of Interest Legislation: Hearings on H.R. 302, H.R. 3050, H.R. 3411,*

---

before any Federal department, agency, or court in connection with [a covered matter] . ''), *Letter to the General Counsel of a Department,* 96 X 11, 1996 WL 931720, at 2 (OGE) (July 5, 1996) ("Subject to certain exceptions, [§ 205] prohibits a Government employee . . from acting as agent or attorney for anyone in any claim against the United States or from acting as agent or attorney for anyone before any department, agency, or court of the United States . . ''), *Letter to a Designated Agency Ethics Official,* 95 X 2, 1995 WL 855428 (OGE) (Mar. 13, 1995) (same).

On the other hand, although this issue has never been addressed directly by case law, there are conflicting dicta in judicial opinions that discuss § 205 more generally. *Compare Van EE v. Environmental Protection Agency,* 55 F. Supp. 2d 1, 12 (D.D.C. 1999) (concluding that § 205 prohibits certain conduct before Federal agencies and is constitutional and noting that "[under § 205] plaintiff[, a Federal employee,] is free to represent [non-governmental organizations] in forums other than the federal government, such as state and local government"), *with Gray v. Rhode Island Dep't of Children, Youth and Families,* 937 F. Supp. 153, 158 (D. R.I 1996) (reversing disqualification of attorney for state agency from participating in litigation against another state agency based on state ethics rules and observing that, under Federal law, "[§ 205] prohibits an employee of the United States from acting as an attorney for anyone before any forum in which the United States is a party or has a substantial interest")

[3] It would be a different case, for example, if Pub. L No. 87–849, enacting § 205 in 1962, contained a definition of "agency" that differed from the definition in § 6 so as to present a situation where " 'the new provisions and the . unchanged portions of the original section cannot be harmonized, [in which case] the new provisions should prevail as the latest declaration of the legislative will.' " *American Airlines, Inc. v. Remis Indus, Inc.,* 494 F.2d 196, 200 (2d Cir. 1974) (quoting 1A Singer § 22.34). The conflict-of-interest provisions in chapter 11 of title 18, however, although including some definitions, *see* 18 U.S C § 201 (1994), do not contain a new definition of "agency." Other terms in the provision, notably "court," are not defined in 18 U S C § 6 and therefore may be read more broadly

*H.R. 3412, and H.R. 7139 Before the Antitrust Subcomm. of the House Comm. on the Judiciary*, 87th Cong. 5 (1961) ("Subcommittee Hearings") (reprinting § 2(a) of H.R. 3050), or defined "agency" in the bill by express reference to 18 U.S.C. § 6, *see* Subcommittee Hearings at 23 (reprinting § 2 of H.R. 7139); *id.* at 60 (discussing § 2 of proposed bill entitled "Executive Employees' Standards Act"). The deletion of any such definition or express cross-reference in the final version appears to reflect the recognition that a definition (or explicit reference to a definition) of "agency" in the conflict-of-interest bill was unnecessary given the existing definition in the criminal code.[4] That deletion thus should not be understood as an effort to broaden the definition of "agency." Moreover, the purpose of including a definition of "agency" in earlier versions of the bill was to clarify which Federal agencies were to be covered, not to address coverage of non-Federal entities.[5]

Additionally, the House Report on H.R. 8140, in its discussion of § 205, describes the provision as "prohibit[ing] officers and employees of the Government from acting as agent or attorney for anyone before a *Federal* agency or a court in connection with any matter in which the United States has a direct and substantial interest." H.R. Rep. No. 87–748, at 9–10 (1961) (emphasis added).[6] It is unclear why the same reference does not appear in the Senate Report in the next session on the same bill.[7] In any event, § 205 in H.R. 8140 — the bill which the House Report described as prohibiting representation before "a Federal agency" — included "of the United States" after "agency" in paragraph (a) but not in paragraph (a)(2); the language in the House Report thus indicates

---

[4] *See, e.g.*, Subcommittee Hearings at 45 (analyzing H R. 3050 and noting that "[Section 2(a)] contains a definition of the word 'Agency' as used in the bill. Although the definition used may suffice, the terms involved have already been defined in section 6 of title 18, United States Code. In practice this last section has operated satisfactorily In the circumstances it would be desirable to model [the definition] upon 18 U S C 6") Arguably, cross-referencing § 6 in § 205 could have unnecessarily cast doubt on the applicability of § 6 to other provisions of Title 18 that lack any such express cross-reference

[5] *See, e.g.*, Subcommittee Hearings at 23 (reprinting § 2 of H.R. 7139) ("The terms 'department' and 'agency' shall have the meanings ascribed to them in section 6 of title 18, United States Code, but in no event shall they mean any agency of the legislative or judicial branch."), *id.* at 60 (discussing § 2 of proposed bill entitled "Executive Employees' Standards Act") ("'Department' and 'agency' are defined as in 18 U S.C. 6. These terms are intended to include the independent regulatory agencies.").

[6] The version of the provision discussed in that report was substantially similar to the version that was enacted It provided as follows

> Whoever, being an officer or employee of the United States in the executive, legislative, or judicial branch of the Government, or in any agency of the United States, including the District of Columbia, otherwise than in the proper discharge of his official duties —
>
> . . . .
>
> (2) acts as agent or attorney for anyone before any department, agency, court, court-martial, officer, or any civil, military, or naval commission in connection with any proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest, or other matter in which the United States is a party or has a direct and substantial interest —
>
> Shall be fined not more than $10,000 or imprisoned for more than two years, or both.

*See* H.R. Rep. No. 87–748, at 39

[7] *See* S. Rep No 87–2213, at 11 (1962), *reprinted in* 1962 U S C.C A N 3852, 3859 ("Section 205 . . extends its bar against a Government employee's private representational activities to all matters in which the United States is a party or has an interest This section includes within its scope applications for licenses or other privileges, criminal proceedings, and other important matters not now covered.").

that use of the modifier "of the United States" in one part should not be read to suggest that a broader meaning of "agency" applies whenever that modifier is absent. Given the lack of explicit evidence of contrary intent in the legislative history or the text of § 205, we do not believe that the inferences from the use of modifiers in § 205 is sufficient to overcome the clear directive of § 6 that "agency" as used in § 205(a) covers "agencies of the United States" and not a broader class of agencies which might include state agencies.

## B.

Whether § 205(a)(2) prohibits representation by United States government employees before an agency of the District of Columbia presents a closer question. Section 205 is structured so that the first subsection, 205(a), sets forth a prohibition on activities by Federal employees. The second subsection, 205(b), sets forth the prohibition on District of Columbia employees. Because it, too, uses the term "agency," and does so in a context that one might assume includes agencies of the District of Columbia, analysis of § 205(b)(2) assists in determining the scope of § 205(a)(2). Subsection 205(b)(2) states:

> Whoever, being an officer or employee of the District of Columbia or an officer or employee of the Office of the United States Attorney for the District of Columbia, otherwise than in the proper discharge of official duties —
>
> . . . .
>
> (2) acts as agent or attorney for anyone before any department, agency, court, officer, or commission in connection with any covered matter in which the District of Columbia is a party or has a direct and substantial interest;
>
> shall be subject to the penalties set forth in section 216 of this title.

18 U.S.C. § 205(b) (1994).

The definition of "agency" in 18 U.S.C. § 6 — which restricts an "agency" for purposes of that title to entities "of the United States" — does not specify whether "of the United States" encompasses the District of Columbia. The legislative history is unhelpful on this point. In light of this ambiguity, there are a number of possible interpretations of "agency" in § 205(a) and (b).[8] Because the

---

[8] For example, if "of the United States" as used in § 6 includes the District of Columbia, it could be that § 205(a) and § 205(b) would prohibit representation before both Federal and District of Columbia agencies by either Federal or District of Columbia employees, the former in covered matters in which the United States "is a party or has a direct and substantial interest," the latter in covered matters in which the District of Columbia "is a party or

text and legislative history of § 6, as well as the text of § 205, offer no clear answer, we turn to the structure and legislative history of § 205. We conclude that the best interpretation is that "agency" in § 205(a) applies only to Federal agencies while "agency" in § 205(b) applies only to District of Columbia agencies. While an interpretation giving the same term different meanings in different parts of the same provision ordinarily would be disfavored under canons of statutory construction, we conclude that the structure and legislative history of § 205, taken in conjunction with the text of § 6, compels different constructions of the term "agency" in § 205(a) and § 205(b).

Section 205 contains a list of entities before which employees may not engage in representational activities. The list of entities in § 205(a) is different from the list in § 205(b). The entities that are not included in § 205(b) — "court[s]-martial" and "civil, military, or naval" commissions — are, typically, solely Federal entities. This suggests that the entities listed in § 205(a) are intended to be Federal government entities while those listed in § 205(b) are intended to be District of Columbia government entities.

This interpretation is also supported by the minimal legislative history addressing the question whether § 205 applies to District of Columbia entities. Prior to 1989, the text of § 205 did not contain the current lettered paragraphs differentiating between applicability to Federal employees and District of Columbia employees. To the contrary, the earlier version of § 205 stated that, at least with regard to the question of which employees were covered by the prohibition, "agency of the United States" included the District of Columbia. The 1988 version, like the original 1962 version of § 205, *see* Pub. L. No. 87–849, 76 Stat. at 1122, provided as follows:

> Whoever, being an officer or employee of the United States in the executive, legislative, or judicial branch of the Government, or *in any agency of the United States, including the District of Columbia*, otherwise than in the proper discharge of his official duties —
>
> . . . .

---

has a direct and substantial interest " Or one could conclude that the context of the prohibition in § 205(b), applying as it does only to District of Columbia employees, shows that the term "agency" in § 205(b) "was intended to be used in a more limited sense," 18 U S C. § 6, and thus applies only to representation before District of Columbia agencies Under such an interpretation, Federal employees would be prohibited from representational activities before both Federal and District of Columbia agencies in covered matters where the United States "is a party or has a direct and substantial interest" under § 205(a)(2) but District of Columbia employees would only be prohibited from representational activities before District of Columbia agencies in covered matters where the District of Columbia "is a party or has a direct and substantial interest" under § 205(b)(2). A third possibility is that, although "of the United States" in § 6 includes both Federal and District of Columbia entities, the context of § 205(a) shows that the prohibition therein is intended to reach only the more limited class of Federal agencies while the context of § 205(b) shows that it is intended to reach only the more limited class of District of Columbia agencies. It is also possible that "of the United States" as used in § 6 does not reach the District of Columbia at all, in which case "agency" in § 205(a) would reach only Federal agencies while "agency" in § 205(b) would either only reach Federal, and not District of Columbia agencies, or would reach District of Columbia agencies based on the theory that § 205(b) is an anomalous provision to which § 6 for some reason is inapplicable.

(2) acts as agent or attorney for anyone before any department, agency, court, court-martial, officer, or any civil, military, or naval commission in connection with any proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest, or other particular matter in which the United States is a party or has a direct and substantial interest—

Shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

18 U.S.C. § 205 (1988) (emphasis added); *see also* H.R. Rep. No. 87–748, at 39 (quoting substantially similar language in proposed bill setting forth original version of provision).

The Ethics Reform Act of 1989, Pub. L. No. 101–194, 103 Stat. 1716, 1750, amended that provision to make it substantially similar to the current one, separating into distinct sections the prohibitions on Federal employees and District of Columbia employees. The little authoritative legislative history that there is regarding the separation of the provisions affecting Federal employees and District of Columbia employees supports the conclusion that it creates prohibitions for Federal employees with regard to Federal agencies and District of Columbia employees with regard to District of Columbia agencies. In the Report of the Bipartisan Task Force on Ethics on H.R. 3660, which eventually was enacted as Pub. L. No. 101–194, the section-by-section analysis notes that the bill amends § 205 "to treat officers and employees of the District of Columbia government separately from officers and employees of the Federal Government in the prohibition against acting as agent or attorney . . . for anyone in a matter before a Federal agency in the case of Federal employees, or a District government agency in the case of District employees." 135 Cong. Rec. 30,740, 30,757 (1989).

Other commentary indicates that the amendment was intended to remedy a perceived problem with the existing statute, which precluded Federal employees from appearing in District of Columbia fora. The Administration's proposed bill, although not adopted in its entirety, contained essentially the same language amending § 205 as was eventually included in the final legislation. In his testimony, Acting Associate Attorney General Joseph Whitley explained the proposed change to § 205 as follows:

Turning to yet another area of concern to government employees who live in the District of Columbia, the President's bill removes a senseless impediment to their taking a full part in affairs of concern to their local neighborhoods. 18 U.S.C. 205 is a statute of fairly ancient vintage which prohibits all federal employees—including legislative staff, for example—from representing anyone

before a federal or District of Columbia agency except in the performance of official duties. . . . The prohibition dates from the pre-home rule period for the District. It is a unique burden that falls on federal employees who reside in the city of Washington and is not shared by their fellow workers who live in any other state. *Section 111 of the President's bill would end this unjustifiable discrimination and allow federal employees to appear in a representative capacity before District of Columbia agencies. The representation would, of course, have to be without charge and concern a matter unrelated to the employee's official responsibilities.*

*Effects of Federal Ethics Restrictions on Recruitment and Retention of Employees: Hearing Before the Subcomm. on Human Resources of the House Comm. on Post Office and Civil Service*, 101st Cong. 35, 45 (1989) (statement of Joe D. Whitely, Acting Assoc. Attorney General) (emphasis added). This view is echoed in the March 1989 Report of the President's Commission on Federal Ethics Law Reform which recommended the same change to § 205:

> *As presently written, 18 U.S.C. §§ 203 and 205 prohibit all officers and employees of the federal government and the District of Columbia government from appearing before federal courts and agencies and entities of the District government.* The theory behind §§ 203 and 205 is that an employee should serve only one master and should not represent another entity against his primary employer. The laws do not reflect the current separate statutory status of the District government, however, and have the effect of precluding federal government employees from participating in outside charitable activities such as providing pro bono legal services to the poor in local courts. Another unfortunate effect is that law students who work as paralegals or clerks in federal or District government agencies are often precluded from participating in clinical legal programs sponsored by their law schools.

*To Serve With Honor: Report of the President's Commission on Federal Ethics Law Reform* 116 (1989) (emphasis added) ("Commission Report").[9] The Commission then proceeds to voice its agreement with the suggestion of the Office of Government Ethics that "if there is to be any coverage of District of Columbia employees, these sections be amended so that *federal employees are prohibited*

___

[9] The statement in the quoted text that the theory behind § 205 is "that an employee should serve only one master and should not represent another entity against his primary employer" might lead to the conclusion that Federal employees should be prohibited from all covered representational activities under § 205(a), even in District of Columbia agencies. However, other language in the Commission Report (discussed in the text, *infra*) disputes that conclusion.

*only from appearing before federal agencies and courts, and District of Columbia employees are prohibited only from appearing before District agencies and courts."* *Id.* (emphasis added). It recommends that § 205

> be amended so that [it] (1) no longer preclude[s] employees of the District of Columbia government from appearing before federal agencies and courts, [and] (2) no longer preclude[s] most federal employees from appearing before District of Columbia agencies.

*Id.* at 115.[10] While these sources are not the most authoritative types of legislative history, they are useful because they offer some insight into the purposes underlying the technical amendments leading to the separation of § 205(a) and § 205(b).

The structure and legislative history of § 205 show that the 1989 changes to § 205 were intended to differentiate between the agencies covered by the prohibition applicable to Federal employees and those covered by the prohibition applicable to District of Columbia employees. At least for purposes of § 205, then, "agency" in § 6, in the first instance, may be said to cover both Federal and District of Columbia agencies. In accordance with the express recognition in § 6 that this definition may be limited to a narrower scope by the context, the context of § 205(a) shows that the term in that provision is intended to reach only the more limited class of Federal agencies and the context of § 205(b) shows that the term there is intended to reach only the more limited class of District of Columbia agencies.

## C.

Our conclusion that the term "agency" in § 205(a) should be construed to apply only to Federal agencies, and not state and local or District of Columbia entities, is reinforced by the rule of lenity which "demand[s] resolution of ambiguities in criminal statutes in favor of the defendant." *Hughey v. United States,* 495 U.S. 411, 422 (1990); *see also Liparota v. United States,* 471 U.S. 419, 427 (1985) (" '[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.' ") (quoting *Rewis v. United States,* 401 U.S. 808, 812 (1971)). That rule is particularly applicable, and a narrow construction of a criminal prohibition is warranted, where "a reasonable doubt persists about a statute's intended scope even *after* resort to 'the language and structure, legislative history, and motivating policies' of the statute." *Moskal v. United States,* 498 U.S. 103, 108 (1990) (citation omitted); *see also Chapman v. United States,* 500 U.S. 453,

---

[10] The qualification of "most" Federal employees refers to a recommended exception to this general rule for "the United States Attorney's Office because of its unique role in prosecuting cases in both the United States District Court and the District of Columbia Superior Court Employees of the United States Attorney's Office should continue to be barred from appearing before entities of the District government except in accordance with their official duties." Commission Report, at 116. This exception was incorporated into the text of the statute. *See* 18 U.S C. § 205(b)

463 (1991) (rule of lenity applicable where "there is a 'grievous ambiguity or uncertainty in the language and structure of the Act' ") (citation omitted). *Cf. Application of 18 U.S.C. § 205 to Proposed "Master Amici"*, 16 Op. O.L.C. 59, 64 (1992) (concluding that application of § 205 to activities by government attorneys as "master amici" before Court of Veterans Appeals is clearly prohibited by language, structure, legislative history, and motivating policies, and therefore, rule of lenity does not apply). Examination of the statutory structure and legislative history yields little definitive instruction as to the scope of "agency" in § 205(a) and (b); hence, the rule of lenity supports narrow readings of the term.

## III.

We conclude that the prohibition in 18 U.S.C. § 205(a)(2) on a Federal government employee engaging in representation before an "agency" in connection with a covered matter in which the United States is a party or has a direct and substantial interest applies only to representation before a Federal agency and does not apply to such representation before state agencies or agencies of the District of Columbia.[11]

CORNELIA T.L. PILLARD
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[11] Of course, representation before a state, local, or other non-Federal entity may present a different case if a Federal employee sits on the non-Federal entity in his or her official capacity. Such a situation, which may in certain circumstances comprehend representation before a Federal agency for purposes of § 205(a), is beyond the scope of this opinion.